Chief Judge Fuld (concurring).
Since I believe that the court’s opinion goes beyond the necessities of the case, I take the liberty of writing briefly to indicate my rationale and pinpoint the basis for my conclusion.
The claimant before us, an insured under the terms of a policy issued by the appellant insurance company, grounds his claim upon the uninsured motorist endorsement in his policy. That endorsement—based on section 617 of the Insurance Law (bearing the caption “ ‘ Hit and run ’ causes of action ”) and following the language of that statute — obligates the insurer to pay to its insured all sums which the latter would be entitled to recover as damages from the owner of “an uninsured highway vehicle ” (Uninsured Motorist Endorsement, par. I). Such a vehicle is defined to include a “hit-and-run vehicle * * * which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident ” (par. V).
We start, therefore, with the undisputed and indisputable premise that, to entitle the claimant to arbitration, it must appear that there was an unidentified “vehicle which caus[ed] [his] bodily injury ”. In the case before us, there was no such vehicle. The automobile in which the claimant was riding was merely struck by some snow and ice which had become dislodged from a tractor-trailer as that vehicle and his auto passed each other going in opposite directions. The tractor-trailer itself may not be considered to have ‘ ‘ caused ’ ’ the accident. Concededly, it did not collide or come in contact with the claimant’s car — or any other (see MVAIC v. Eisenberg, 18 N Y 2d 1) —and, clearly, there was no ‘ ‘ hit-and-run ’ ’ vehicle as that term is understood. It follows, therefore, that the claimant does not come within the language of either section 617 or the Uninsured Motorist Endorsement provision.
*123 This disposes of the case, and nothing said or decided in Eisenberg (18 N Y d 1, supra) requires us to embark on a dissertation concerning the sort of “ physical contact ” which must be established if the asserted injury or damage had actually been occasioned by a hit and run vehicle. In the Eisenberg case, there was, and this was central to our decision, such a vehicle, and we simply concluded that the requirement of ‘ ‘ physical contact ” between the hit-and-run vehicle and the claimant’s automobile was met by proof that the latter was struck by a third car which had been “ pushed [or propelled] * * * by a hit and run vehicle ” into the claimant’s auto (18 N Y 2d, at p. 3; also, p. 5). Thus, although in Eisenberg we relaxed the requirement of ‘‘ physical contact ’ ’ between the unidentified vehicle and the claimant’s, we did not eliminate or affect the basic statutory prerequisite that a hit-and-run vehicle exist and that it cause the injury. On the contrary, the court was careful to declare (18 N Y 2d, at p. 5) that “ [p]roof that a hit and run vehicle did in fact exist is then clearly available for, as ‘ physical contact ’ almost invariably produces visible evidence of impact, the possibility of a ‘ phantom ’ hit and run driver becomes minimal.”
In sum, I favor a reversal of the order appealed from and a stay of arbitration for the simple reason that there was here no hit and run vehicle, as contemplated either by the statute or by the uninsured motorist endorsement, which caused the claimant’s injury.